# Kaufman Lieb Lebowitz & Frick
attorneys at law

> By 11/22/2023, the Justice Center must respond to Plaintiff's letter motion to compel.  If the Justice Center requires additional time due to any delays in submitting an application for an attorney to appear in this matter *pro hac vice*, it must contact to Chambers via email at KrauseNYSDChambers@nysd.uscourts.gov, cc'ing all counsel of record in this matter, to request an extension of time.  The Court will hear argument on Plaintiff's motion at the conference that is currently scheduled for is hereby scheduled for 11/30/2023 at 10:00 a.m. in Courtroom 250 of the White Plains federal courthouse.  Plaintiff's counsel is hereby directed to serve a copy of this order on counsel for the Justice Center, and to file an affidavit of service on the docket by 11/15/2023.
>
> Dated: November 13, 2023
>
> SO ORDERED.
>
> *[signature]*
>
> ANDREW E. KRAUSE
> United States Magistrate Judge

**Via ECF**

Hon. Kenneth Karas
United States District Court
300 Quarropas St.
White Plains, NY 10601

    Re: *Makris v. Arc Westchester, et al.*, 22 Civ. 9604

Your Honor,

    We represent Plaintiffs in this case, which concerns the years-long mistreatment of S.M., at the Foxhall IRA, a group home operated by Defendant Arc Westchester. We write pursuant to Local Civil Rule 37.2 to request a pre-motion conference in anticipation of Plaintiffs' motion to compel a non-party, New York State Justice for the Protection of People with Special Needs ("Justice Center"), to comply with the document subpoena Plaintiffs served. Specifically, we seek all documents related to the Justice Center's June 25, 2021 investigation into claims of abuse and neglect of S.M.—beyond just the investigative summary produced to date.[1]

    Plaintiffs conferred with the Justice Center on several occasions, including on September 27 and October 11, 2023, and exchanged multiple rounds of emails concerning the dispute. Counsel for the Justice Center also attended the October 5, 2023, conference before Your Honor, at which the Court suggested that it agreed with Plaintiffs concerning the relevance of the documents sought. Nevertheless, Plaintiffs and the Justice Center have been unable to reach a resolution.

### I.    Background

    Plaintiffs' Amended Complaint alleges that Defendants neglected S.M., discriminated against her, and subjected her to disparate treatment and pervasive and severe harassment because of her serious physical disabilities. *See* Am. Compl., ECF No. 8 ¶¶ 159–176, 186–200. S.M.'s cerebral palsy and serious physical impairments require that she use a wheelchair and receive assistance with toileting, dressing, and mobility. *Id*. ¶¶ 33–36. Because of these disabilities, Defendants treated S.M. with disdain and neglected her hygiene and personal care needs, among other violations. *See, e.g.*, *id*. ¶¶ 5, 43–135.

---

[1] The Justice Center also produced summaries for investigations performed by Defendant Arc. In this motion, Plaintiffs do not seek the underlying investigative materials for those investigations from the Justice Center, as they are more readily (or perhaps exclusively) available from Arc.

Alanna Kaufman* • Douglas E. Lieb‡ • David A. Lebowitz • Alison Frick*

Alyssa Isidoridy • Pooja Shivaprasad

*Also admitted to practice in New Jersey   ‡Also admitted to practice in California and Connecticut

   The Justice Center is a New York State agency that investigates reports of abuse and neglect of individuals with special needs. Plaintiffs' subpoena to the Justice Center seeks documents concerning abuse, neglect, mistreatment, and/or deficient care of S.M. or by any named Defendant at the Foxhall IRA from June 1, 2015 to the present. *See* Ex. A, Subpoena.[2]

   On October 26, 2023, the Justice Center produced several investigative report summaries, one of which relates to a 2021 investigation into allegations of abuse and neglect of S.M. conducted by the Justice Center. In communications with counsel for the Justice Center prior to that production, Plaintiffs repeatedly asserted that they are entitled to *all* documents concerning any Justice Center investigation, and not simply the investigative summary. The agency has refused to produce the responsive documents, relying on New York Social Services Law § 496 and the decision in *Coley v. Shufelt,* No. 8:20 Civ. 675, 2021 WL 5176651 (N.D.N.Y. Nov. 5, 2021).

## II. The Justice Center Must Produce Its Full Investigation Materials

   Plaintiffs are entitled to the information collected by the Justice Center in its investigation into allegations of abuse and neglect of S.M. The documents are directly relevant to the claims here and cannot be obtained from other sources, and the Justice Center cannot meet its burden of proving that they are shielded from disclosure based on privilege or burden. *See Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 138–39 (S.D.N.Y. 2017).

   The underlying materials from the Justice Center's June 25, 2021 investigation are relevant and cannot be obtained from any other sources. The investigation concerns allegations that Defendants Sonia Jarrett, Jamariss Rhodes, and Rosemarie Findley neglected S.M.'s personal hygiene and acted with open hostility against her—identical allegations to those that form a substantial basis of the case before this Court. The summary Plaintiffs have received indicates that the Justice Center's case file consists of hundreds of pages of additional relevant documents, including interviews of several Defendants and other Arc employees; evidence of prior write-ups involving Defendants; and other clinical and documentary materials. JC_000117–19. The summaries of the witness interviews conducted by Justice Center investigators demonstrate that the withheld transcripts, recordings, or additional notes documenting those interviews will be particularly relevant. For example, according to the investigative summary, Arc nurse Jill Potter told the Justice Center that staff was "not properly washing" S.M. and would "look at her with disdain." JC_000122–23. Arc investigator Melanie Fields "found that staff was not trained on many aspects of [S.M.'s] medical conditions and how that could affect her care," and articulated issues concerning her prior investigations involving S.M. JC_000123.

---

[2] Plaintiffs originally sought all documents concerning allegations of abuse, neglect, mistreatment, and/or deficient care/protection of any kind provided at the Foxhall IRA during the relevant time period. Plaintiffs' counsel narrowed the subpoena after conferring with defense counsel and attorneys from the Justice Center on September 27, 2023, to discuss the agency's objections based on overbreadth.

The only objections that the Justice Center has set forth in response to the subpoena—that release of the documents is prohibited under the Social Services law and the *Coley* decision—are wrong and provide no grounds for withholding these responsive documents.[3]

First, the privilege rules of Social Services Law § 496 do not, in themselves, limit the broad scope of discovery in federal civil rights cases. *See, e.g.*, *Unger v. Cohen*, 125 F.R.D. 67, 69 (S.D.N.Y. 1989) ("A privilege whose source is State law, whether statutory or decisional, will be recognized in a 'spirit of comity' only to the extent consistent with the overriding federal policy of the civil rights laws."). "Federal law disfavors privileges barring disclosure of relevant evidence[.]" *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). "Mere adherence to state rules would often improperly elevate the role of privileges in federal question cases." *Id.* In analogous cases involving state confidentiality statutes, courts within this Circuit routinely find that state laws "do not expressly create protection by an evidentiary privilege." *Flores v. Stanford*, No. 18 Civ. 02468, 2022 WL 354719, at *7 (S.D.N.Y. Feb. 7, 2022) (granting plaintiff's motion to compel documents defendants sought to withhold based on N.Y. Exec. Law § 259-1(2)(c)(B), designating crime victim parole board statements as confidential).

The fact that the Justice Center found the allegations to be unsubstantiated has no bearing on whether they are subject to disclosure in this federal case. Courts within this district have "emphatically reject[ed]" arguments that "'unsubstantiated' complaints should, by virtue of that status, not be ordered produced." *Bradley v. City of N.Y.*, No. 04 Civ. 8411, 2005 WL 2508253, at *1 (S.D.N.Y. Oct. 3, 2005) (overruling police objections to producing disciplinary and complaint histories).

Second, although *Coley* is distinct in that it concerned allegations of workplace discrimination brought by a group home employee, the decision ultimately supports Plaintiffs' position. *Coley*, 2021 WL 5176651, at *1–2. The Northern District court determined that disclosure under the Social Services Law must be evaluated under "applicable federal law" and the "discovery rule of proportionality," by which the "competing interests of the parties" are weighed against "the privacy interests of third parties." *Id.* at *3. It ordered the production of "witnesses, contacts, and subjects" within a Justice Center report to the extent they were a "central area for critical discovery" and could be kept confidential under the terms of the Protective Order. *Id.* at *4. The only portions of the report the court did *not* order disclosed were those that concerned "the privacy interests" of other service recipients who were not involved in the central allegations, where such redactions did "not hamper or impede Plaintiff's ability to obtain relevant information to prove her claim[.]" *Id.* at 3.

Here, Plaintiffs do not seek the disclosure of any information concerning other service recipients. They seek documents containing evidence, including witness

---

[3] The Justice Center has not asserted any objections to the production of the information based on burden, and the documents Plaintiffs seek would not be burdensome to produce. All documents are explicitly listed in the investigative summary provided to Plaintiffs and are presumably contained in the same Justice Center file from which the summaries were obtained.

statements from Defendants and other Arc employees, which constitute a "central area for critical discovery" in Plaintiffs' case. *Id.* at *4. The Justice Center has not articulated any reason to conclude that a separate cognizable interest exists to protect witness statements where their identities and statement summaries have been disclosed—and where those statements are of central importance to the underlying civil case. Nor have they any argument as to why the Protective Order in this case would not be sufficient to protect any such interests to the extent they exist. See ECF No. 65.

*   *   *   *

We thank the Court for its time and attention to this matter, and we are available to discuss further at the Court's convenience.

Respectfully submitted,

Alyssa Isidoridy
Alison Frick

CC. Sean Childs
Director of Litigation, Office of General Counsel
Justice Center for the Protection of People with Special Needs
Sean.Childs@justicecenter.ny.gov